H. K. GARDINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5218.    Promulgated August 20, 1927.

1. Deduction for obsolescence of shoe lasts and patterns disallowed.

2. The amount of a debt ascertained to be worthless and charged off within the taxable year *held* properly deductible from gross income of that year.

*Charles E. DiPesa, C. P. A.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1919 in the amount of $6,036.46. The petitioner alleges that the respondent erred in disallowing deductions from gross income claimed on account of obsolescence of shoe lasts and patterns, bad debts, and reserves for discounts.

FINDINGS OF FACT.

The petitioner is a corporation organized in the year 1919, and it is and has been since its organization engaged in manufacturing shoes. Its principal place of business is now at Pittsfield, N. H.

In the year 1919 the petitioner purchased the shoe-manufacturing business of Lyman O. Berry, an individual, paying therefor the amount of $75,000. Among the assets of the business so acquired were lasts and patterns for making shoes. Some of these lasts and patterns were found to be defective and about two truck loads were discarded in the year 1919 as obsolete and worthless. The record does not disclose the cost to the petitioner of the lasts and patterns acquired from Lyman O. Berry, or the cost of those discarded.

In the year 1919 the firm of O'Connor Brothers was indebted to the petitioner in the amount of $4,512.36. At the end of that year O'Connor Brothers was in bad shape financially and was unable to pay their debts and the petitioner charged off the account as worth-

less. O'Connor Brothers failed in the year 1920 and the petitioner realized a negligible amount on its account.

The petitioner in its income and profits-tax return for the year 1919 deducted the amount of $4,860.19 on account of lasts and patterns discarded as worthless or obsolete in that year; the amount of $5,663.65 on account of debts claimed to have been worthless and charged off in that year, and the amout of $5,785.96 as a reserve for discounts. The respondent disallowed the deductions.

OPINION.

MARQUETTE: The first question presented by the record in this proceeding is whether the petitioner is entitled to any deduction in computing its net income for the year 1919 on account of the lasts and patterns discarded by it in that year as obsolete and worthless. All the material allegations of the petition are denied by the respondent in his answer, and the only evidence presented was the testimony of H. K. Gardiner, organizer and former owner of the petitioner, contained in a deposition. His testimony is to the effect that the petitioner purchased the assets of a going business; that among these assets were lasts and patterns which were found to be defective and worthless, and that " two double horse truck loads " were discarded in the year 1919 as obsolete or worthless. Some of the lasts and patterns included in the assets purchased were not discarded, however, but were retained and used in 1920. There is no testimony or other evidence to show what the petitioner paid for the lasts and patterns in question. When they were discarded Gardiner " estimated what they cost me," and the estimated amount was claimed as a deduction. The petitioner no doubt discarded certain lasts and patterns and is entitled to deduct their cost from gross income for the year in which they were discarded if the cost can be ascertained, but since there is no evidence as to their cost we can only affirm the action of the respondent in disallowing the deduction claimed.

With reference to the deduction to which the petitioner alleges it is entitled on account of certain debts charged off as worthless in the year 1919, the testimony shows that the firm of O'Connor Brothers was indebted to the petitioner at the close of the year 1919; that the firm was in bad financial condition, and that the debt was charged off at that time. Gardiner testified that O'Connor Brothers had practically failed in the year 1919 and could not pay its bills; that the debt due the petitioner was ascertained to be worthless and was charged off by it at the end of 1919; that O'Connor Brothers did fail in 1920, and that the petitioner in that year was paid a small amount on its account. The evidence is sufficient to show that the

debt was ascertained to be worthless and was charged off within the taxable year. We are of the opinion that the petitioner had reasonable grounds for such action, and that it is properly allowable as a deduction from gross income in that year.

No evidence was introduced as to the other error alleged by the petitioner.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by PHILLIPS, MILLIKEN, and VAN FOSSAN.